CELIA McGUINNESS, ESQ. (SBN 159420)
cmcguinness@dmglawfirm.com
DEBORAH GETTLEMAN, ESQ. (SBN 267309)
dgettleman@dmglawfirm.com
DERBY, McGUINNESS & GOLDSMITH, LLP
1999 Harrison Street, Suite 1800
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4414

Attorneys for JaCola Williams, Leslie Patterson and Jerika Barnes-Jenkins

David A. Melton (SBN 176340)
dmelton@porterscott.com
Thomas Riordan (SBN 104827)
triodan@porterscott.com
Cassandra J. Ninke (SBN 327359)
cninke@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
John Stewart Company
Riviera Family Apartments, L.P.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOLA WILLIAMS, LESLIE PATTERSON and JERIKA BARNES-JENKINS,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN STEWART COMPANY; RESOURCES FOR COMMUNITY DEVELOPMENT,<br>Defendants. | CASE NO. 3:22-cv-02927-TLT<br><br>Civil Rights<br><br>**JOINT FURTHER CASE MANAGEMENT STATEMENT**<br><br>DATE: November 30, 2023<br>TIME: 2:00pm<br>LOCATION: Zoom webinar |

JOINT FURTHER CASE MANAGEMENT STATEMENT

The Parties submit this Joint Further Case Management Statement in compliance with the Court's August 22, 2023 Order (ECF No. 66) scheduling a Further Case Management Conference for November 30, 2023.

Jurisdiction and Service

Defendant John Stewart Company has been served and has answered the original Complaint but has not filed an Answer to the First Amended Complaint (FAC). Defendant Riviera Family Apartments, L.P. has been served with the FAC and has answered. Defendant Resources for Community Development was served with the original Complaint and answered and was subsequently dismissed.

A. Facts

Plaintiffs

Plaintiff JaCola Williams was in a car crash in 2015 that nearly killed her. She survived but was left with significant disabilities that impact her ability to live a completely independent life. She cannot drive. Her mother, Plaintiff Leslie Patterson, and her sister, Plaintiff Jerika Barnes-Jenkins, are her caretakers. Neither live with Ms. Williams, but both spend time at her apartment regularly to assist her with activities of daily living and transport her to medical appointments and other errands.

Ms. Williams has lived at the Riviera Family Apartments in Walnut Creek, California with her son since 2018. Since then, Defendant property manager John Stewart Company, operating under the authority of Defendant property owner Resources for Community Development, has impeded her progress toward independence and normalcy by intentionally and continually discriminating against her on the basis of her disability. Defendants have denied her requests for reasonable accommodation of her disability and harassed her caregivers, with express knowledge that those caregivers' only purpose for being at the apartments is to support Ms. Williams.[1]

---

[1] Plaintiff also disputes Defendant John Stewart's allegations of criminal behavior by third persons leading to its eviction effort in 2020 but won't use space rebutting them since they would never be admissible related to Defendants' disability discrimination in 2021 and 2022.

Both Plaintiffs Patterson and Barnes-Jenkins have mobility disabilities. They each have a disabled parking placard or plate issued by the State of California that they use when working with Ms. Williams. Despite this, Defendants have refused to permit them to park in designated disabled parking spaces in the parking garage closest to the building entrance and have harassed them when they do.

In December of 2021, Ms. Patterson requested reasonable accommodations on Ms. Williams' behalf for 1) a designated parking space in the garage so that her caregivers can provide care for her; 2) Ms. Barnes-Jenkins to be recognized as a care attendant for Ms. Williams and to come and go at the building as her care necessitates; and 3) to be notified when the elevator goes out of service and be relocated when it is out longer than 24 hours. Despite following up a number of times, Ms. Williams has never received a response to these reasonable accommodation requests. Instead, three months later in March of 2022, she received an email threatening to evict her for: 1) Having Ms. Barnes-Jenkins and Ms. Patterson periodically park in the disabled parking space to accommodate their disabilities while providing her care; and 2) Having Ms. Barnes-Jenkins, her care attendant, periodically sleep in her apartment while providing her care.

Both threatened reasons for eviction are disability-related and specifically addressed in the reasonable accommodation requests that Defendants ignored. The threatening letter was their response and effectively a denial of the reasonable accommodation requests and retaliation for making the requests in the first place. Defendants' behavior is ongoing. They continue to deny Plaintiffs access to the garage, they continue to ignore the requests for accommodation, and they show no intention of ceasing their pattern of harassing Plaintiffs. Plaintiffs seek injunctive relief, damages, and attorneys' fees, costs and litigation expenses.

Defendants

**John Stewart Company:**

Plaintiff JaCola Williams entered into a federally-subsidized tenancy in the subject apartment in October, 2018. Defendant John Stewart Company (sometimes hereafter "JSCo.") manages the subject apartment for the owner. Despite occupancy restrictions in her subsidized

lease, by January, 2020, third-parties were using Ms. Williams' key card to access and use the unit and the property. Those persons engaged in serious nuisance and other disruptive conduct which culminated in the discharge of a firearm on or near the property on or about January 20, 2020. As a result, JSCo. terminated Ms. Williams' tenancy and then, on September 17, 2020, filed an action for unlawful detainer to enforce the termination notice and recover possession of the premises. That action is entitled John Stewart Company v. Williams, et al., Contra Costa County Superior Court, Limited Jurisdiction, case #MS20-0126 (hereafter "The Eviction").

Instead of recovering possession of the premises from Ms. Williams, as was its right, JSCo. allowed Ms. Williams to stay in the apartment, by settling the case and entering into what practitioners refer to as a "behave and stay" agreement. Under the agreement, JaCola Williams agreed to comply with all terms of the agreement through November 30, 2022. If she did so without breaching any part of the agreement, then JSCo. agreed that it would dismiss The Eviction and reinstate her tenancy. Relevant to this action, the agreement has clear terms concerning parking, the use of the garage, and occupancy in the unit. Ms. Williams agreed that she would be the only person who could reside in the premises; no one else could reside or stay in the unit with her. She agreed that the only person who could stay in the unit overnight is her mother, plaintiff Leslie Patterson. Ms. Williams promised that she would not permit any persons other than her mother to enter the garage without her present. She also agreed that she would not park a vehicle in the garage unless she is approved for a parking space. Notwithstanding these promises, JSCO.'s position is that plaintiffs have violated these restrictions and breached the settlement agreement, and that the requests made by plaintiffs for "reasonable accommodations" are essentially demands that JSCo. not stand on the terms of the settlement agreement, instead effectively disregard or excise provisions from the settlement agreement which Ms. Williams now wishes to disregard, and not enforce the settlement agreement by seeking the entry of a stipulated judgment for possession to which JSCo. is presently entitled. JSCo.'s position is that plaintiffs are now using federal litigation and anti-discrimination claims to pressure it to refrain from enforcing the settlement agreement in The Eviction.

**Riviera Family Apartments, L.P.:**

    Riviera Family Apartments, L.P. is the owner of the property containing the subject premises and relies upon Defendant John Stewart Company for all aspects of management of the property. Riviera Family Apartments, L.P. defers to the expertise and experience of John Steward Company its management of the property and re-iterates the factual statement of its property manager, stated above.

B. <u>Legal Issues</u>

<u>Plaintiffs' Position</u>

1. Does ignoring reasonable accommodation requests for 11 months (and counting) constitute constructive denial of the requests in violation of the Fair Housing Act, Section 504 of the Rehabilitation Act, FEHA, the Unruh Act and the Disabled Persons Act?

2. Does Defendants' property manager and maintenance staff using their vehicles to block in cars lawfully parked in disabled spaces, deactivating a tenant's garage door fob to prevent them from lawfully parking in the disabled parking spaces and threatening eviction after making reasonable accommodation requests constitute retaliation within the meaning of the Fair Housing Act, Section 504 of the Rehabilitation Act, FEHA, the Unruh Act and the Disabled Persons Act?

<u>Defendants' Position</u>

**John Stewart Company and Riviera Family Apartments, L.P.:**

1. Do plaintiffs Leslie Patterson and Jerika Barnes have standing to assert any claims given that neither is a tenant in the subject rental unit and neither is a "member of the household"?

C. <u>Motions</u>

    On January 13, 2023, JSCo. filed a Motion to Strike some or all of Plaintiffs' Complaint under the anti-SLAPP statute (Code of Civil Procedure § 425.16). ECF No. 38. Plaintiffs timely filed their opposition on January 27, 2023. ECF No. 39. Despite the Court's order stating "existing briefing schedules for motions remain unchanged" and "renoticing of the hearing does not

affect the prior briefing schedule," (ECF No. 41) JSCo. failed to file a Reply. The motion hearing was taken off calendar by operation of the Court's order. Defendant John Steward Company re-filed the Motion to Strike and oral arguments were held on September 5, 2023. On September 7, 2023, the Court issued its order denying Defendant's Motion to Strike holding that "Defendants' conduct is neither protected nor privileged under SLAPP." ECF. No. 68 at 5:13).

If the case does not settle on December 5, 2023, the Parties intend to seek summary judgment/summary adjudication.

D. Amendment of Pleadings

On November 16, 2022, Plaintiffs filed a First Amended Complaint to remove Defendant Resources for Community Development and add in Defendant Riviera Family Apartments, L.P. ECF No. 28. In the Parties' last CMC statement, Defendant JSCo. represented that it would file an Answer to the FAC once it received a ruling on its Motion to Strike. A ruling on that Motion was issued on September 6, 2023 (ECF No. 69) and yet, JSCo. still has not filed an Answer to the FAC.

E. Evidence Preservation

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties do not anticipate any issues regarding the disclosure or discovery of electronically-stored information.

F. Disclosures and Joint Discovery Plan

Discovery has been completed.

G. Related Cases

Plaintiffs

There are no Related Cases within the meaning of L.R. 3-12. However, there is pending in Contra Costa County Superior Court an "Other Action" as defined in L.R. 3-13. *John Stewart Company v. Jacola Williams et al.*, Case No. MS20-0126 was an unlawful detainer action against Plaintiff JaCola Williams by Defendant John Stewart Company for alleged non-curable breaches

of her written lease. It was settled and stayed on November 17, 2021, pursuant to a settlement agreement. The terms of that settlement agreement required JSCo. to dismiss the Unlawful Detainer by November 30, 2022, which they have not done. JSCo. has presented no evidence to support its assertion that Plaintiff is in violation, nor has it done anything to enforce the agreement.  Enforcement is no longer available now that the agreement, by its own terms, is expired.

John Stewart Company

The case is pending.  It is supposed to be dismissed by JSCo. by November 30, 2022, as long as JaCola Williams is not in breach of the agreement.  However, JSCo.'s position is that JaCola Williams has been and is presently in breach of the agreement.   JSO has not moved forward with any enforcement of the settlement in the unlawful detainer action due to the pendency of this litigation, as Plaintiffs are alleging liability for efforts at enforcement (see FAC at 9:20-23 ["Both threatened reasons for eviction are disability related and specifically addressed in the reasonable accommodation requests Ms. Patterson submitted on Ms. Williams' behalf on March 1, 2022"])

H.  Relief Sought

Plaintiffs

- Granting Ms. Williams' reasonable accommodation requests to:
    1. be provided a reserved designated parking space and use one of the existing disabled parking spaces until a reserved one is available;
    2. to have her sister, Jerika Barnes-Jenkins, approved as her care worker to come and go as Ms. Williams' care necessitates and park in Ms. Williams' designated parking space when caring for her; and
    3. to be notified when the elevator goes out of service and be relocated when it is out longer than 24 hours.
- To train Defendants' employees and agents on how to accommodate the rights and needs of disabled persons;

- To implement nondiscriminatory protocols, policies, and practices for accommodating persons with disabilities.
- Compensatory damages (trebled in the jury's discretion) for all Plaintiffs as well as attorney's fees, costs and litigation expenses.

Defendants

**John Stewart Company and Riviera Family Apartments, L.P.:**

JSCo. seeks dismissal of all claims and entry of a judgment in its favor, along with recoverable costs and attorneys' fees as allowed by law.

**Riviera Family Apartments, L.P.**

Riviera Family Apartments, L.P. seeks dismissal of all claims and entry of a judgment in its favor, along with recoverable costs and attorneys' fees as allowed by law.

I. Settlement and ADR

A Settlement Conference is scheduled for December 20, 2023 at 10:00AM in front of Magistrate Judge Thomas S. Hixson.

J. Consent to Magistrate for All Purposes

Riviera failed to file a consent to Magistrate Jurisdiction and the case was reassigned to Judge Trina L. Thompson.

K. Other References

None at this time.

L. Narrowing of Issues

The Court's order on Defendant John Stewart's Anti-SLAPP Motion and future cross motions for summary judgment/summary adjudication.

M. Expedited Trial Procedure

The parties do not believe this case is appropriate for Expedited Trial Procedures.

N. Scheduling

The Scheduling Order is outlined in ECF No. 50.

O. Trial

The parties request a jury trial with trial estimate of 7 full trial days.

P. <u>Disclosure of Non-party Interested Entities or Persons:</u>

Plaintiffs and JSCo. have filed a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15. Riviera Family Apartments, L.P. plans to file a "Certification of Interested Entities or Persons." The Parties hereby acknowledge that no parties other than those named in Plaintiffs' Complaint is known to have either (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Q. <u>Professional Conduct</u>

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

R. <u>Other Matters</u>

None at this time.

Dated: November 27, 2023        DERBY, McGUINNESS & GOLDSMITH, LLP

<u>/s/ *Deborah Gettleman*</u>
By:   Deborah Gettleman
        Attorneys for Plaintiffs

Dated: November 27, 2023        PORTER SCOTT APC

<u>/s/ *Cassandra Ninke*</u>
By: Cassandra Ninke
Attorneys for Defendants
John Stewart Company and Riviera Family Apartments, L.P.

FILER'S ATTESTATION

Pursuant to Local Rules, I hereby attest that on November 27, 2023, I, Deborah Gettleman, attorney with Derby, McGuinness & Goldsmith, LLP received the concurrence of all counsel in the filing of this document.

*/s/  Deborah Gettleman*
By: Deborah Gettleman
Attorneys for Plaintiffs